**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**KEYOWASKI DOUCET**
**LA. DOC #511371** — **CIVIL ACTION NO. 6:11-cv-0124**

**VS.** — **SECTION P**

**JUDGE HAIK**

**TERRY TERRELL, WARDEN ALLEN CORRECTIONAL CENTER** — **MAGISTRATE JUDGE HILL**

**REPORT AND RECOMMENDATION**

*Pro se* petitioner, Keyowaski Doucet ("Doucet"), proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on January 21, 2011. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center in Kinder, Louisiana. Petitioner attacks his May 7, 2009 conviction for vehicular homicide for which he was sentenced to serve twenty-five years imprisonment, concurrent with sentences imposed for four additional misdemeanor charges, entered by the Thirteenth Judicial District Court for Evangeline Parish, Louisiana.

This matter has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Based on the court's review of the pleadings, **IT IS RECOMMENDED** that the instant petition be summarily **DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## STATEMENT OF THE CASE

On May 7, 2009, petitioner pled guilty to the following offenses: (1) vehicular homicide, in violation of La. R. S. 14:32.1; (2) driving while intoxicated, first offense, in violation of La. R. S. 14:98; (3) careless operation of a motor vehicle, in violation of La. R. S. 32:58; (4) driving under suspension, in violation of La. R. S. 32:415; and, (5) no seat belt, in violation of La. R. S. 32:295.1. The trial court sentenced Doucet to the concurrent sentences of twenty-five years at hard labor for vehicular homicide, six months in the parish jail for driving while intoxicated, six months in the parish jail for careless operation, six months in the parish jail for driving under suspension, and thirty days in the parish jail for no seat belt. *See State v. Doucet*, 36 So.3d 1105, 1107 (La. App. 3rd Cir. 2010).

Petitioner directly appealed to the Louisiana Third Circuit Court of Appeals arguing that his sentence for vehicular homicide was excessive, that when imposing this sentence the trial court failed to properly consider the Louisiana sentencing guidelines set forth in Louisiana Code of Criminal Procedure article 894.1, and that he received ineffective assistance of counsel because counsel failed to file a motion to reconsider his vehicular homicide sentence. Petitioner did not challenge his convictions or sentences imposed with respect to the four misdemeanor offenses.

The Third Circuit affirmed petitioner's vehicular homicide conviction and sentence on May 5, 2010. *State v. Doucet*, 36 So.3d 1105, 1107 (La. App. 3rd Cir. 2010).

The Louisiana Supreme Court denied petitioner's request for review on December 17, 2010 without comment. *State v, Doucet*, 51 So.3d 19 (La. 2010).

Petitioner filed the instant federal *habeas corpus* petition on January 21, 2011. Petitioner asserts the same claims raised on direct appeal: (1) that his sentence for vehicular homicide is excessive; (2) when sentencing petitioner to twenty-five years imprisonment, the trial court violated the Louisiana sentencing guidelines set forth in Louisiana Code of Criminal Procedure article 894.1; and (3) that he received ineffective assistance of counsel because counsel failed to file a Motion to Reconsider petitioner's vehicular homicide sentence.

The facts underlying petitioner's conviction were set forth by the Louisiana Third Circuit Court of Appeal as follows:

> In 2008, Doucet, while under the influence of PCP, marijuana, and alcohol, veered off the road and struck a home, killing the resident. The pre-sentence investigation report (PSI) indicates that police were dispatched in reference to a vehicle stolen by Doucet. While looking for the vehicle, police were advised to go to the home of Doucet's mother. Doucet's mother then instructed Doucet to show police where the vehicle was. Doucet voluntarily went with police and, eventually, located the vehicle.
>
> After an investigation, police concluded that Doucet left the road and struck a ditch. He continued to travel through a private field, struck two fences, and, eventually, struck a private residence. Police concluded that Doucet never attempted to slow down or brake after leaving the roadway. After the accident, Doucet left the scene and made no attempt to notify emergency personnel about the crash.

*State v. Doucet*, 36 So.3d at 1108.

## LAW AND ANALYSIS

***Rule 4 Review***

______Rule 4 of the Rules Governing § 2254 Cases authorizes the district court to examine and dismiss non-meritorious and frivolous *habeas corpus* petitions. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Thus, it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.[1] *Kiser*, 163 F.3d at 328. Review of the instant petition for federal *habeas corpus* relief plainly establishes that petitioner is not entitled to relief. Accordingly, the petition should be dismissed with prejudice pursuant to Rule 4 for the reasons that follow.

**Excessive Sentence**

Generally, the Eighth Amendment protects against not only barbaric punishments, but also those that are grossly disproportionate to the crime committed.[2] *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *Ewing v. California*, 538 U.S. 11, 20-24 (2003); *Lockyer*, 538 U.S. at 72. However, "[for] crimes concededly classified and

[1]Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." The Advisory Committee Notes following Rule 4 state that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

[2]Petitioner has not provided the court with a copy of the brief he filed in the Louisiana Supreme Court. Accordingly, the undersigned cannot determine if petitioner raised his excessive sentence claim under the Eighth Amendment of the United States Constitution or Article I, § 20 of the Louisiana Constitution of 1974, or both. However, the Louisiana Third Circuit Court of Appeal analyzed this claim under Louisiana jurisprudence. Accordingly, to the extent that petitioner failed to raise his claim under the Eighth Amendment, the claim would be barred by the doctrine of procedural default. However, the undersigned need not address this issue, given that petitioner's Eighth Amendment claim is clearly without merit.

classifiable as felonies, . . . the length of the sentence actually imposed is purely a matter of legislative prerogative." *Harmelin v. Michigan,* 501 U.S. 957, 962, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) *quoting Rummel v. Estelle,* 445 U.S. 263, 274, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). A federal *habeas* court will not upset a state sentence within statutory limits unless it is so disproportionate to the offense as to be completely arbitrary and shocking. *Bonner v. Henderson,* 517 F.2d 135, 136 (5th Cir. 1975). In this way, a "[court] must grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." *United States v. Gonzales,* 121 F.3d 928, 942 (5th Cir. 1997); *see also Ewing*, 538 U.S. at 24-25.

In light of *Solem's* general constitutional principle and other relevant jurisprudence, the Fifth Circuit has set forth its methodology for analyzing excessive sentence claims in *McGruder v. Puckett,* 954 F.2d 313, 315 (5th Cir. 1992). First, the court weighs the gravity of the offense against the severity of the sentence. *McGruder*, 954 F.2d at 316. Then, if the court determines that the sentence is grossly disproportionate to the offense, the court compares (2) sentences for similar crimes in the same jurisdiction and (3) sentences for the same crime in other jurisdictions. Only if the court concludes in the first inquiry that the sentence is "grossly disproportionate" to the offense does the court proceed to determine the second and third inquiries. *United States v. Gonzales*, 121 F.3d 928, 942-943 (5th Cir. 1997). If the court concludes that the sentence is not "grossly

disproportionate," the inquiry is finished, and the court "defer[s] to the will of" the legislature. *Gonzales*, 121 F.3d at 942-43.

Here, the issue of whether the sentence is unconstitutionally excessive turns on whether petitioner's punishment reaches this threshold level of gross disproportionality. The Supreme Court noted the inherent subjectivity in making this threshold determination in *Rummel,* 445 U.S. at 304. Moreover, the Supreme Court has noted that outside the capitol punishment context, successful proportionality challenges are "exceedingly rare" and constitutional violations are therefore reserved only for an "extreme" "extraordinary case." *Ewing*, 538 U.S. at 21; *Lockye*r, 538 U.S. at 73 and 77.

In *Rummel,* the Supreme Court upheld a life sentence under a recidivist statute for a petitioner who had fraudulently used a credit card, passed a forged check, and, finally, obtained $120.75 under false pretenses. Subsequent jurisprudence in this circuit has used *Rummel* as a benchmark for distinguishing constitutional sentences and grossly disproportionate punishments. *Gonzales,* 121 F.3d at 943.

Measured against the *Rummel* benchmark, petitioner's twenty-five year sentence for vehicular homicide, which is within the statutorily prescribed limit[3], is plainly constitutional. First, the gravity of the offense committed by petitioner is clearly more severe than the crimes of fraud and forgery punished by life imprisonment in *Rummel*. Petitioner killed an innocent woman who was in her home. Second, unlike the crimes at issue in *Rummel*, the crime committed by petitioner, while deliberately operating a motor

[3]Vehicular homicide carries a sentencing range of not less than five years, nor more than thirty years imprisonment. La. R.S. 14:32.1(B).

vehicle while drunk and under the influence of drugs, which resulted in the death of an innocent victim, warrants the most severe punishment.

Finally, the published jurisprudence reveals that petitioner has previously been convicted of numerous misdemeanors and two felonies.[4] *State v. Doucet*, 36 So.2d at 1109. At the time the Pre-Sentence Report (PSI) was completed in this case, charges of simple battery, resisting an officer, and threatening a public official were pending. *Id.*

Moreover, Doucet had previously been placed on misdemeanor probation on two separate occasions. While he completed one of those periods of supervision satisfactorily, the other misdemeanor probation had not been completed, and, accordingly, there was an active bench warrant for Doucet's arrest. *Id.* at 1109.

Doucet was also on supervised probation for two separate 2006 felony convictions when he committed the instant offense. He had previously violated the conditions of probation on several occasions by committing new misdemeanor offenses and using illegal drugs and was scheduled to be returned to court in both cases. However, he committed the instant offenses the day before the scheduled hearing. Doucet's probation in both cases were subsequently revoked. *Id.* at 1109 and 1113.

---

[4]These convictions include: obstructing a public passage and contempt of court in 2004; criminal damage to property, criminal damage, and possession of marijuana in 2005; filing a false public record, unauthorized use of a motor vehicle, disturbing the peace, and contempt of court in 2006; resisting arrest by flight, no driver's license, following too close with an accident, hit and run, and contempt of court in 2008; disturbing the peace by offensive language, misrepresentation during booking, simple assault, and resisting arrest in 2009. *Id.* at 1109 and 1113.

Finally, Doucet’s vehicular homicide conviction was Doucet's third felony offense, even though he was only classified as a second felony offender because of the timing of his prior felony convictions. *Id.* at 1109

Under these circumstances, applying the benchmark test set forth in *Rummel,* the undersigned finds that the facts of this case do not meet the threshold level of gross disproportionality; therefore, the sentence is consistent with the constitutional requirements of the Eighth Amendment. Thus, petitioner’s claim is without merit.

**Ineffective Assistance of Counsel**

Petitioner also claims that his counsel was ineffective because he failed to file a Motion to Reconsider or object to his twenty-five year vehicular homicide sentence.

To prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) his attorney’s representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel’s deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).

The burden is on the petitioner to show that counsel’s representation fell below an objective standard of reasonableness. *Id.* at 688. The court’s scrutiny is “highly deferential” and the court must apply a “strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” *Id.* at 689-90. Thus, “the defendant must overcome the presumption that, under the circumstances, the challenged

action might be considered sound trial strategy." *Id*. at 689 *quoting Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1956) (internal quotation marks omitted). If a tactical decision is "'conscious and informed . . . [it] cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.'" *United States v. Cavitt*, 550 F.3d 430, 440 (5th Cir. 2008*) quoting Crane v. Johnson*, 178 F.3d 309, 314 (5th Cir. 1999).

*Strickland'*s prejudice element requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[5] A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) *citing Strickland,* 104 S.Ct. at 2068. However, self serving conclusory statements that the outcome would have been different "fall far short of satisfying *Strickland'*s prejudice element." *Id.*

---

[5]The *Strickland* court outlined the extent of prejudice that must be established by the defendant:

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment. *Cf. United States .v Morrison,* 449 U.S. 361, 364-65 (1981).
>
> Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability exists if the probability is sufficient to undermine confidence in the outcome.
>
> When a defendant challenges a conviction , the question is whether there is reasonable probability that absent the errors the fact-finder would have a reasonable doubt respecting guilt.

*Strickland, supra*, at pages 691-692.

Because both *Strickland* factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." *Strickland,* 466 U.S. at 689-94. Petitioner must satisfy both prongs of *Strickland,* demonstrating both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999); *Green v. Johnson,* 160 F.3d 1029, 1035-36 (5th Cir. 1998). However, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green,* 160 F.3d at 1043.

In analyzing this claim on appeal, the Louisiana Third Circuit Court of Appeal found that counsel's alleged failure did not prejudice Doucet because even if a motion to reconsider had been filed, Doucet's sentence would have been deemed appropriate under the circumstances. *State v. Doucet*, 36 So.2d at 1113. This finding was based on the court's review of the record and PSI, which included extensive information regarding Doucet's personal and criminal history, as well as the circumstances surrounding the offense which the court summarized as follows:

> Here, Doucet's criminal conduct began when he was fourteen years old. He has been convicted of numerous misdemeanors and two felonies. He failed to comply with the conditions of his probation on several occasions. Further, a revocation hearing was requested and scheduled for November 12, 2008. On November 11, 2008, he committed the offense at issue. Based on Doucet's history of drug use, his criminal history, his classification as a second felony offender, and that he was on probation at the time he committed this offense, we find Doucet's sentence for vehicular homicide not excessive.

*Id*. at 1113.

Under the appropriate standard of review, petitioner has not demonstrated that the state court's decision was contrary to, or an unreasonable application of, federal law, nor that the state court's factual determinations were unreasonable in light of the State court record. *See* 28 U.S.C. § 2254(d)(1) and (2).

Moreover, as in the state courts, petitioner, here, fails to demonstrate prejudice as a result of counsel's alleged deficiency. Given that petitioner drove a vehicle (which was apparently stole by Doucet) into the home of a sleeping and unsuspecting victim, while drunk and under the influence of drugs, killing her, and petitioner's extensive criminal history, there is no reasonable probability that the filing of a Motion to Reconsider or an objection by counsel would have resulted in the imposition of a lesser sentence. Petitioner's conclusory statements that the outcome would have been different "fall far short of satisfying *Strickland's* prejudice element." *Sayre, supra.*

For these reasons, petitioner's ineffective assistance of counsel claim does not warrant federal *habeas corpus* relief.

**Violation of La. C. Cr. P. article 894.1**

Petitioner argues that the trial court violated the Louisiana Code of Criminal Procedure article 894.1, the Louisiana sentencing guidelines, by failing to give sufficient weight to the statutory sentencing criteria set forth therein, to arrive at petitioner's statutorily authorized sentence. More specifically, Doucet asserts that he did not have an extensive adult prior criminal record, none of his prior convictions were in the same

"crime family", and that he had never been previously convicted of driving while intoxicated. He additionally complains that the trial court did not adequately consider his family or work history. Moreover, he argues that the trial court failed to give adequate consideration to alleged mitigating factors such as his assistance after the accident in locating the vehicle and his acceptance of responsibility by entering a guilty plea, or his need for substance abuse rehabilitation.

Federal law is clear – federal courts do not sit as "super" state supreme courts to review errors under state law. *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983); *Cronnon v. State of Alabama*, 587 F.2d 246, 250 (5th Cir. 1979) (and cases cited therein). It is not the province of a federal *habeas* court to determine if the state courts properly applied state law. *Estelle v. McGuire*, 502 U.S. at 68, 112 S.Ct. at 480; *Narvaiz*, 134 F.3d at 695. Rather, "[f]ederal *habeas corpus* review is limited to errors of constitutional dimension . . . ." *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir. 1998).

Thus, in federal *habeas corpus* proceedings, the question is not whether the state court erred or whether state law had been transgressed, but whether there has been a violation of the petitioner's rights as guaranteed by the United States Constitution. 28 U.S.C. § 2254(a); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558 (1983); *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984); *Bridge v. Lynaugh*, 838 F.2d 770, 772 (5th Cir. 1988) (errors of state law and procedure are not cognizable in federal *habeas* proceedings unless they result in a violation of a federal constitutional right).

The Fifth Circuit has said on numerous occasions that the failure of a state to follow its own rules of procedure is not grounds for relief in federal *habeas* actions. *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988) ("[f]ederal habeas courts are without authority to correct simple misapplications of state criminal law or procedure . . ."); *Manning v. Warden*, 786 F.2d 710, 711-12 (5th Cir. 1986) ("whether the state followed its own procedure is not the concern of a federal *habeas* court . . . ."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal *habeas corpus* relief does not lie for errors of state law."); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ [of *habeas corpus*] on the basis of a perceived error of state law."). Rather, the sole inquiry is whether there has been a constitutional infraction.

Petitioner has presented his claim for relief solely under Louisiana state law. He argues a violation of Louisiana Code of Criminal Procedure article 894.1, and in support of his argument, petitioner cites the article and state court decisions interpreting that article. There is no mention or argument asserting a federal constitutional claim or claim of any violation of any federal law. Rather, this issue is raised solely on state law grounds. For this reason, petitioner's second claim for relief, that the state court violated Louisiana Code of Criminal Procedure article 894.1 when sentencing petitioner, is not cognizable on federal *habeas* review and should be dismissed.

## CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

**Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 20th day of April, 2011.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE